# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICK AMATRONE and ROBERT AMATRONE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY CO., et al.,<br><br>Defendants. | Case No. 2:17-cv-01279-APG-PAL<br><br>**ORDER GRANTING STATE FARM'S MOTION FOR SUMMARY JUDGMENT AND DENYING ALL OTHER PENDING MOTIONS AS MOOT**<br><br>(ECF Nos. 5, 24, 25) |

Pro se plaintiffs Nick and Robert Amatrone have been involved in many insurance claims and lawsuits related to at least six fires. In this case, the Amatrones sue defendants State Farm Fire and Casualty Company, State Mutual Auto Insurance Company, Steven Lai,[1] John Fish, and Howard Fish,[2] for alleged actions arising from a homeowner's insurance investigation about one of those fires and the defendants' cooperation with criminal investigations against Robert.[3] The Amatrones claim that all defendants are liable for fraud, "falsifying evidence and documents," "staging of evidence," "emotion distress harassment," "malice and oppression," destruction of personal property, "collusion with law enforcement," criminal trespass, discrimination, and violations of the Americans with Disabilities Act (ADA) and the Amatrones' First and Fourth Amendment rights.[4]

State Farm filed a special motion to dismiss this case under Nevada Revised Statutes § 41.660, which allows a defendant to challenge a complaint as a SLAPP (strategic litigation against public participation) suit.[5] State Farm also argued that the Amatrones' claims are barred

---

[1] Steven Lai is erroneously named "Steven Lia" in the complaint. ECF No. 25 at 1 n.1.

[2] Howard Fish is erroneously named "Harold Fish" in the complaint. ECF No. 8 at 1 n.1.

[3] ECF No. 1.

[4] *Id.*

[5] ECF No. 5.

by claim and issue preclusion, and that this court should refrain from hearing the case under the *Younger* abstention doctrine.[6] Discovery was stayed pending resolution of that motion.[7]

State Farm later filed a motion to dismiss or for summary judgment,[8] arguing that claim and issue preclusion bar the suit, the complaint fails to state a claim, certain claims are barred by relevant statutes of limitation, and State Farm and Steven Lai are protected by statutory immunity for some claims.[9] John and Howard Fish join all of the motions.[10] The Amatrones did not respond to the motion to dismiss or for summary judgment, but they did respond to the special motion to dismiss.[11] I will consider the evidence presented in opposing that motion during my consideration of the motion for summary judgment, as many of the legal and evidentiary issues overlap.

The parties are familiar with the facts, so I will not set them forth in detail except where necessary to resolve the motions. I grant State Farm's motion for summary judgment and deny the other motions as moot.

I.  **DISCUSSION**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, discovery responses, and affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] Material facts are those that may affect the outcome of the case.[13] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.[14] "Summary

---

[6] *Id.*

[7] ECF No. 20.

[8] ECF Nos. 24, 25.

[9] *Id.*

[10] ECF Nos. 8, 29.

[11] ECF No. 14 (response to ECF No. 5); ECF No. 37 (notice of non-opposition to ECF Nos. 24 and 25).

[12] Fed. R. Civ. P. 56(a).

[13] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[14] *See id.*

judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor."[15] A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."[16]

In determining summary judgment, courts apply a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."[17] In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.[18] If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.[19]

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.[20] To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[21] In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by

---

[15] *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[17] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

[18] *See Celotex*, 477 U.S. at 323–24.

[19] *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

[20] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[21] *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

factual data.²² Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.²³

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial.²⁴ The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor."²⁵ But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.²⁶

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences.²⁷ As Rule 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion," and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it . . . ."²⁸

### A. State Farm Auto Insurance Company

The Amatrones name State Farm Auto Insurance Company in their complaint but they do not allege any facts indicating that State Farm Auto was involved in the instant matter. Their allegations are solely about State Farm Fire and Casualty's actions relating to the fire at Nick's property and the Rolex watch. I grant summary judgment in State Farm Auto's favor because no claims exist against it.

---

²² *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
²³ *See Celotex*, 477 U.S. at 324.
²⁴ *See Anderson*, 477 U.S. at 249.
²⁵ *Id*. at 255.
²⁶ *See id.* at 249–50.
²⁷ *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).
²⁸ Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.

**B.     Fraud**

The Amatrones allege that Steven Lai submitted fraudulent photos to both California's Department of Investigation (DOI) and Randy Champion, a Certified Fire Investigator from the Contra Costa County Fire Protection District.[29] They also allege that John and Howard Fish submitted false testimony regarding their appraisal of a Rolex watch that was the subject of one of their claims.[30]

Under Nevada law, the elements of fraud are: (1) a false representation made by the defendant; (2) the defendant's knowledge or belief that the representation is false; (3) the defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) the plaintiff's justifiable reliance upon the misrepresentation, and (5) damage to the plaintiff resulting from such reliance.[31] The Amatrones present no evidence indicating that any of the defendants had any knowledge or belief that any alleged representations were false, that they intended to induce the Amatrones to act or refrain from acting based on those representations, or that the Amatrones justifiably relied on any misrepresentations. Steven Lai's affidavit states that he did not falsify or alter any of the documents provided to law enforcement.[32] The Amatrones offer nothing to dispute that. And none of the Amatrones' exhibits supports the inference that John Fish provided false testimony about his appraisal of the Rolex watch.[33] Further, there is no evidence that Howard Fish provided any testimony related to this case, or that he was involved in the appraisal.[34] Thus, I grant judgment in the defendants' favor on this claim.

---

[29] ECF No. 1 at 2.

[30] *Id.*

[31] *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1413-1414 (D. Nev. 1995) (citing *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992)).

[32] ECF No. 26-3.

[33] *See* ECF No. 14 at 8–53.

[34] *See* ECF No. 8 at 5–7 (John Fish declaration).

### C. Falsifying and Staging Evidence

The Amatrones contend that State Farm and Steven Lai violated 18 U.S.C. § 1519 by submitting altered photos to Mr. Champion.[35] The Amatrones have no standing to assert a § 1519 claim because it is a federal criminal statute.[36] I interpret this as a spoliation of evidence claim.[37] Nevada law does not recognize an independent tort remedy for spoliation of evidence.[38] "A negligence claim for spoliation may exist where the circumstances of the case show that the defendant owed a duty to the plaintiff to preserve evidence."[39] No such circumstances have been demonstrated here.

The Amatrones also contend that Steven Lai "staged evidence" to support his finding that the house fire was intentionally set. I cannot find an independent tort for "staging evidence" but it also appears to fall under the umbrella of intentional spoliation of evidence. Even if this was a recognized tort, there is no evidence that the defendants falsified or staged evidence or violated any duty owed to the Amatrones to preserve evidence. The defendants are entitled to judgment on this claim.

### D. "Emotional Distress Harassment"

I construe the Amatrones' claim for "emotional distress harassment" as a claim for intentional infliction of emotional distress ("IIED"). Under Nevada law, the tort of IIED has three elements: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress suffered by the

---

[35] ECF No. 1 at 2.

[36] *See Linda R.S. v. Linda D.*, 410 U.S. 614, 619 (1973) ("[I]n American Jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that criminal provisions provide no basis for civil liability).

[37] *Duensing v. Gilbert*, 2013 WL 1316890, at *5 (D. Nev. Mar. 1, 2013), *report and recommendation adopted*, 2013 WL 1316763 (D. Nev. Mar. 28, 2013).

[38] *Timber Tech Engineered Bldg. Prods. v. Home Ins. Co.*, 55 P.3d 952, 954 (Nev. 2002).

[39] *Contreras v. Amer. Family Mutual Ins. Co.*, 135 F. Supp. 3d 1208, 1220 (D. Nev. 2015).

plaintiff; and (3) actual or proximate causation."[40] To be extreme and outrageous, conduct must be "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community."[41] Also, "[t]he less extreme the outrage, the more appropriate it is to require evidence of physical injury or illness from the emotional distress."[42]

The Amatrones allege that as a result of its denial of Nick's claim, State Farm "obstructed [him] from moving on with his college career by denying his claim and leaving him homeless," and that he "suffers from severe depression and has been unable to work."[43] They also allege that "State Farm and Steven Lai have caused a decline in [Robert's] health by turning an insurance claim filed by [Nick] into a full out criminal investigation for over three years" and that "Robert has been unable to work, lost his home and business moving out of state, and suffers from depression and anxiety."[44]

There is no evidence indicating that Nick's insurance claim was denied for any malicious purpose. Rather, the evidence shows that the claim was denied as a result of a fire investigation analysis disputing the Amatrones' account of how the fire started, the potential Rolex watch fraud, and the Amatrones' refusal to cooperate with the claim investigation.[45] The evidence also shows that none of the defendants was responsible for the criminal investigation. Mr. Champion's investigation was prompted by Estate Consignment's report to the DOI.[46] Mr. Champion testified in deposition that State Farm was not involved in initiating the criminal investigation.[47]

---

[40] *Jordan v. State ex. rel. Dep't of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 52 (Nev. 2005), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008).

[41] *Kahn v. Morse & Mowbray*, 117 P.3d 227, 237 n.18 (Nev. 2005) (internal quotation marks and citations omitted).

[42] *Chowdhry v. NLVH, Inc.*, 851 P.2d 859, 483 (Nev. 1993).

[43] ECF No. 1 at 3.

[44] *Id.*

[45] ECF Nos. 26-3 at 4; 26-4.

[46] *See* ECF Nos. 26-16 (Investigative Report); 26-3 at 7 (Steven Lai affidavit); 26-17 at 14-16 (Mr. Champion's deposition).

[47] ECF. No. 26-17 at 16.

Further, there is no evidence that Nick or Robert sustained any emotional distress damages. Nick testified at his deposition in the underlying state court case[48] that he is currently unable to work as a result of a physical injury he sustained while working at Starbucks.[49] There is no evidence of Robert's inability to work or his mental condition. I grant judgment for the defendants on the Amatrones' IIED claim.

**E.    ADA**

Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations or any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[50] Title III prohibits discrimination on the basis of disability by privately-owned places of public accommodation and commercial facilities.[51]

To state a claim under Title III of the ADA, a plaintiff must allege that (1) he or she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, and (3) the defendant discriminated against the plaintiff on the basis of his or her disability by denying him or her a full and equal opportunity to enjoy the services the defendant provides.[52]

The Amatrones allege that "State Farm has not acknowledged [Nick's] processing problem and ADD and will not accommodate him when he was requested accommodations in [Examinations under Oath] and depositions and completing the application for insurance."[53] The Amatrones have not presented any evidence of discrimination based on Nick's disability. To the

---

[48] Nick filed a bad-faith insurance claim against State Farm and others in Nevada state court complaining of similar conduct. *See* ECF No. 26-5; *see generally*, *Amatrone v. State Farm*, Case No. A-14-711107-C (8th Jud. Dist. Ct. Nev.). That case is pending.

[49] ECF No. 26-7 at 2.

[50] 42 U.S.C. § 12182.

[51] *Id.*

[52] *Id.*, § 12182(a).

[53] ECF No. 1 at 3.

extent that the Amatrones are alleging that the terms of the policy are discriminatory, the Ninth Circuit has held that Title III does not apply to the terms of policies sold by insurance companies.[54] So I grant judgment for State Farm on the ADA claim.

### F. First and Fourteenth Amendments

The Amatrones allege that the defendants colluded with law enforcement officials and "created a type of malicious prosecution . . . to open a criminal claim against [them] . . . based on State Farm . . . Steven Lai . . . and Fish Jeweler[s'] taking documents and testimony and falsifying not only to deny the insurance claim but then to open a criminal claim against [the Amatrones]."[55] Although not specifically pleaded as such, I interpret this to be a claim under 28 U.S.C. § 1983 for violation of their rights under the First and Fourteenth Amendments.

Section 1983, which was enacted by Congress pursuant to Fourteenth Amendment authority, prohibits interference with federal constitutional rights under color of state law.[56] None of the defendants is a governmental entity or state agent. They are private actors and therefore are not liable under § 1983 unless the Amatrones demonstrate that their actions are attributable to the state. The Amatrones' allegations implicate only the possibility that the defendants engaged in "joint action" with state agents.[57] The joint action test is met when private citizens are "willful participants in joint activity with the State or its agents" that causes a constitutional deprivation.[58] An agreement between the government and a private party can create state action.[59]

None of the defendants' alleged actions amounts to state action. The evidence demonstrates that Mr. Champion's criminal investigation into Robert began approximately three

---

[54] *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1047 (9th Cir. 2000) (citing *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000) (holding that "although Title III of the ADA requires an insurance office to be physically accessible to the disabled, it does not address the terms of the policies the insurance companies (sic) sells")).

[55] ECF No. 1 at 4.

[56] 42 U.S.C. § 1983; *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 837–39 (1982).

[57] *See Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997) (describing different tests to determine whether a private actor engaged in state action).

[58] *See Howerton v. Gabica*, 708 F.2d 380, 382 (9th. Cir 1983).

[59] *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1231 (9th Cir. 1996).

months before he spoke to any State Farm representatives.[60] Mr. Champion testified in deposition that State Farm had no involvement in initiating the investigation and that no defendants colluded with Mr. Champion for the purposes of bringing criminal charges against the Amatrones.[61] State Farm was involved in the criminal investigation only to the extent that it complied with Mr. Champion's request to produce information related to the Amatrones' insurance claim, pursuant to Nevada Revised Statutes § 686A.287(1).[62] That does not amount to state action. I therefore grant judgment in the defendants' favor on this claim.

### G. Destruction of Personal Property and Criminal Trespass

The Amatrones allege that Steven Lai "threw away all of [Nick's] personal property whether it was damaged or not."[63] I construe the Amatrones' "destruction of personal property" claim as one for conversion. To prevail on a conversion claim, a plaintiff must prove: (1) the defendant committed a distinct act of dominion wrongfully exerted over the plaintiff's personal property; (2) the act was in denial of, or inconsistent with, the plaintiff's title or rights therein; and (3) the act was in derogation, exclusion, or defiance of the plaintiff's title or rights in the personal property.[64] The limitation period for a conversion claim is three years.[65] The discovery rule applies.[66]

Steven Lai's undisputed affidavit states that he visited Nick's home five times.[67] The last time he visited with another claims adjuster to inventory personal property was September 6,

---

[60] ECF No. 26-17.

[61] *Id.*; ECF No. 18-7 at 7.

[62] Nevada Revised Statutes § 686A.287(1) requires that "[e]very insurer shall provide information concerning insurance fraud to the Attorney General, the Commissioner, any investigative or law enforcement agency or any agency of the Federal Government, if the insurer receives a request in writing for that information."

[63] ECF No. 1 at 4.

[64] *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1049 (Nev. 2000).

[65] Nev. Rev. Stat. § 11.190(3)(c); *Shupe & Yost v. Fallon Nat'l Bank*, 847 P.2d 720, 721 (Nev. 1993).

[66] *Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998).

[67] ECF No. 26-3.

2013.[68]  The last time he met Robert at the property to examine the Rolex watch was September 27, 2013.[69]  There is no evidence that Steven was at the house after that.  Using the last possible date that Lai interacted with the Amatrones' personal property, the limitation period expired at the latest on September 27, 2016.  This complaint was filed on May 8, 2017.  The Amatrones' conversion claim is thus time-barred.

The Amatrones allege that State Farm engaged in "criminal trespass" by entering Nick's home without the Amatrones' permission after the fire.  They also allege that Steven Lai engaged in criminal trespass because he "was in . . . Robert's truck going through personal financial papers."[70]  Because the Amatrones lack standing to bring a criminal trespass cause of action,[71] I construe this as a civil trespass claim.  The three-year limitation period also applies to civil trespass cases.[72]  And there is no evidence that Steven was at the property after September 27, 2013, so this claim is likewise barred by the statute of limitations.  In any event, Steven's undisputed affidavit states that whenever he was at the property it was with the permission of the Amatrones.[73]  I therefore grant summary judgment for the defendants on these claims.

### H. Collusion with Law Enforcement

The Amatrones allege that "Steven Lai colluded with [Champion] and DOI by providing false and altered documents and photographs in order to create a criminal investigation . . . [and] John Fish and Howard Fish colluded with . . . Champion by lying under oath in their deposition regarding their appraisal of the watch in order to assist Champion to document his case against

---

[68] *Id.*

[69] *Id.*

[70] *Id.* at 4, 5.

[71] *See* note 37, *supra*.

[72] Trespass of real property (regarding the home) is covered by Nevada Revised Statutes § 11.190(3)(b) while trespass to chattels (regarding the truck) is covered by § 11.190(3)(c).  Both have a three-year limitation period.

[73] ECF No. 26-3.

[the Amatrones]."[74] Because "collusion with law enforcement" is not a recognized cause of action, I construe this claim as one for civil conspiracy.

To prevail on a civil conspiracy claim, a plaintiff must demonstrate (1) that the defendants, by acting in concert, intended to accomplish an unlawful objective for the purpose of harming the plaintiff; and (2) the plaintiff sustained damages resulting from the defendants' acts.[75] The Amatrones have not presented evidence raising a genuine dispute that any of the defendants acted to accomplish an unlawful objective. As discussed above, State Farm's cooperation with law enforcement was statutorily mandated. Mr. Champion testified that no State Farm agents requested that he submit a report recommending criminal charges to the relevant authorities, and that State Farm had no involvement in initiating the investigation.[76] So I grant judgment in the defendants' favor on the civil conspiracy claim.

**I.     Discrimination**

The Amatrones allege that State Farm, Steven Lai, and Fish Jewelers "discriminated against Plaintiffs due to ISO hits on [Robert's] previous insurance claims due to rental properties caused by tenants ultimately profiling [Robert] as a criminal and completing a full out criminal investigation based only upon ISO hits."[77]

There is no evidence to support these allegations. The undisputed evidence shows that Mr. Champion's investigation began because of suspicious activity reported by Estate Consignments, and not because of "ISO" hits on Robert's previous claims.[78] I grant the defendants' motion for judgment on this claim.

**J.     Malice and Oppression**

The Amatrones allege that State Farm and Steven Lai "intentionally completed (sic) malice when they falsified documents to deny the claim and obtain a criminal investigation

---

[74] ECF No. 1 at 4.

[75] *Consol. Generator-Nevada v. Cummings Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998).

[76] ECF No. 26-17 at 16.

[77] ECF No. 1 at 5.

[78] ECF Nos. 26-16; 26-17.

against Robert. They have dragged out the claim resulting in [Nick] having to file a lawsuit. [The Amatrones] have been oppressed from their enjoyment of life, liberty, and the pursuit of happiness for over three years" as a result of the defendants' "malice and oppression."[79]

"Malice and Oppression" is not a recognized cause of action in Nevada.[80] I construe this claim as a request for punitive damages. Because there are no surviving claims, the Amatrones are not entitled to punitive damages. Also, the Amatrones fail to allege facts or present any evidence that the defendants' actions rise to the level of meriting punitive damages.[81] There is no evidence that any defendant falsified evidence. There is no evidence that any defendant took acts to "obtain a criminal investigation." Mr. Champion's undisputed testimony states that State Farm had no involvement in the investigation until it was three months under way, and that State Farm provided documents at Mr. Champion's request.[82] There is no evidence that any of the defendants took any other action to initiate a criminal investigation.

## II. CONCLUSION

IT IS THEREFORE ORDERED that the motion for summary judgment **(ECF No. 25) is GRANTED.**

IT IS FURTHER ORDERED that the other pending motions **(ECF Nos. 5, 24) are DENIED AS MOOT.**

IT IS FURTHER ORDERED that the CLERK OF COURT is directed to enter judgment in favor of all defendants and against plaintiffs.

DATED this 7th day of February, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[79] ECF No. 1 at 4.

[80] *See Rashidi v. Albright*, 818 F. Supp. 1354, 1360 (D. Nev. 1993) (treating a claim for "malice and oppression" as a request for punitive damages, and stating that a claim for malice and oppression "do[es] not exist as [an] independent tort[] but [is] predicated on the underlying conduct").

[81] *See* Nev. Rev. Stat. § 41.005.

[82] *See* ECF No. 26-17.